IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| DENNIS SHIPMAN, ) | Bk. No. 11-11908 (CSS) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DENNIS SHIPMAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 12-21-SLR |
| ) | Civ. No. 12-22-SLR |
| JEOFFREY L. BURTCH, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of September, 2012, having reviewed the appeals[1] taken by pro se appellant Dennis Shipman ("Shipman"), and the papers submitted in connection therewith;

IT IS ORDERED that said appeals are dismissed and the orders of the bankruptcy court dated December 7, 2011 are affirmed, for the reasons that follow:

---

[1] On December 19, 2011, Shipman filed two appeals of two decisions of the bankruptcy court emanating from one Chapter 7 petition. The appeals were docketed separately and assigned separate civil action numbers: (1) *Dennis Shipman v. Jeoffrey L. Burtch*, Civ. No. 12-21-SLR (appeal of the bankruptcy court's dismissal order); and (2) *Dennis Shipman v. Jeoffrey L. Burtch*, Civ. No. 12-22-SLR (appeal of the order denying Shipman's second motion for reargument and waiver of oral argument and personal appearance). Since the parties each filed one consolidated brief on appeal, the court will address both appeals by this memorandum order.

1. **Background.** On June 21, 2011, Shipman filed a Chapter 7 petition[2] in the United States Bankruptcy Court for the District of Delaware ("bankruptcy court"). (D.I. 9-1, B.D. 1)[3] Jeoffrey L. Burtch was appointed as the Chapter 7 trustee ("the trustee"). The trustee scheduled a Section 341 of the Bankruptcy Code meeting ("the 341 meeting) for July 12, 2011. (*Id.* at B.D. 4) The 341 meeting was rescheduled after Shipman failed to appear. (*Id.* at B.D. 13) On July 27, 2011, Shipman appeared and testified under oath at the 341 meeting. (*Id.* at B.D. 15)

2. During this testimony, Shipman[4] initially denied he had a bank account and then explained that he had an account associated with Palm National Desert Bank and that all his paychecks from Neumann University, unemployment checks and any other funds were deposited into this account. (D.I. 9-1, ex. 1 at 19-22) To obtain these funds, Shipman made withdrawals using his debit card. The debit card account statements were available on-line. Shipman testified that he did not own a vehicle or have a driver's license. (*Id.* at 6) Shipman also testified that he had one pending litigation against the State of New York. (*Id.* at 7) Shipman did not provide the trustee

---

[2]Shipman signed the petition and schedules under penalty of perjury and averred that the "information provided in this petition is true and correct." (D.I. 9-1 at B.D. 2)

[3]Although obligated to designate the record on appeal pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Shipman did not fulfill this obligation. Because appellee has provided a copy of the bankruptcy court's docket sheet, all references to that docket will refer first to the district court's docket number ("D.I."), followed by the docket number assigned in the bankruptcy court ("B.D.").

[4]Shipman also averred that he taught course(s) at Neumann University and had previously filed bankruptcy. (D.I. 9-2 at ex.1)

2

with required information and documentation, including pay advices as required by 11 U.S.C. § 521.

3. Consistent with his duties,[5] the trustee emailed Shipman on August 5, 2011 seeking additional financial information as well as specific documentation with respect to residency and the debit card bank account. (D.I. 9-2 at ex. 2)  The trustee also requested that Shipman amend portions of his bankruptcy petition and schedules consistent with his testimony at the 341 meeting. (*Id.* at ex. 2)  The 341 meeting was continued until August 23, 2011. (D.I. 9-1, B.D. 15)

4. Shipman emailed a response on August 5, 2011, providing a "snapshot" of the debit card bank account statement from the post-petition date of July 20, 2011 through August 5, 2011. (D.I. 9-1, B.D. 15; D.I. 9-2 at ex. 3)  Shipman did not provide any prepetition debit card bank account statements.

5. On August 8, 2011, the trustee emailed Shipman requesting prepetition account information (January 2011 to July 20, 2011), as well as additional financial documents. (*Id.* at ex. 4)  The trustee advised that a reexamination date would be set after the documents were produced.

6. The trustee emailed Shipman on August 22, 2011, requesting that Shipman review (line by line) his statement of financial affairs and schedules and make any necessary amendments thereto. (*Id.* at ex. 5)  The trustee continued the reexamination date to September 13, 2011. (D.I. 9-1 at B.D. 18)  On August 25, 2011, the bankruptcy court clerk's office docketed Shipman's amended statement of financial affairs. (*Id.* at

---

[5]One of the duties of a trustee is to investigate the debtor's financial affairs. 11 U.S.C. § 704(a)(4).

3

B.D. 17)

7. On August 29, 2011, the trustee moved to extend the time to file a motion to dismiss the case pursuant to 11 U.S.C. § 707(b)[6] and to extend the time to file a complaint objecting to discharge under 11 U.S.C. § 727(a).[7] A hearing on said motions was scheduled for September 21, 2011. (D.I. 9-1, B.D. 20)

8. On September 12, 2011, Shipman provided the previously requested debit card bank account statements for the six months prior to the petition date. (*Id.* at B.D. 25) Using these statements and the pay advices provided, the trustee created two spreadsheets of Shipman's expenditures and income which reflected inconsistencies with his finances. (D.I. 9-2 at ex. 8) Specifically, the debit card bank account statements did not reflect a deposit for the New York State income tax refund nor a deposit for a Federal tax refund. Moreover, the debit card bank statements did not coincide with the monthly expenses listed on schedule J. Shipman stated that his average monthly expense for rent was $400, but there was no debit from the account

---

[6]This section provides, in part:
After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtors consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.
11 U.S.C. § 707(b)(1).

[7]Under this section, the court shall grant the debtor a discharge unless there is evidence of, among other things: (1) fraud, concealment or destruction of records; (2) false oath or account; (3) presentation of a false claim; and (4) debtor refused to respond to a lawful court order or material question or to testify. 11 U.S.C. § 727(a).

evincing any withdrawal for rent. (*Id.*) The schedule J reflects a $400 monthly expense for alimony, maintenance and support paid to others, however, the only debit card payments associated with such expense total $160. Shipman also did not identify the individual receiving such support or explain the required payments. The schedule J also lists expenses for electricity, heating, sewer, telephone and trash removal at $100 each per month; however, the trustee found no support for these assertions.

9. Shipman filed objections to both motions and did not attend the 341 meeting scheduled for September 13, 2011. (D.I. 9-1 at B.D. 25)

10. On September 26, 2011, Shipman filed a second amended statement of financial affairs dated September 9, 2011. (*Id.* at B.D. 37) In this statement, Shipman stated that he was involved with a business entity named "Shipman Holdings, LLC." This disclosure was contrary to Shipman's testimony at the 341 meeting when he denied involvement with any business. Subsequent investigations by the trustee revealed that Shipman was involved in six other business entities. (D.I. 9-2 at ex. 12)

11. The trustee further investigated Shipman's answer regarding pending suits and administrative proceedings on the second amended statement of financial affairs. Shipman testified at the 341 meeting that he was involved in one law suit against the State of New York. However, records obtained by the trustee reflect that Shipman was involved in three additional lawsuits.[8]

12. After a hearing on October 5, 2011, the trustee requested that Shipman

---

[8]Although Shipman's second amended financial statement lists three lawsuits, he neglected to list a fourth lawsuit that was pending at the time of the filing of the petition. but subsequently dismissed. (D.I. 9-1 at B.D. 36)

provide the following: (1) last filed state income tax return; (2) all required pay advices; (3) proof of residence in the six months prior to the petition date; and (4) proof of residence in the two years prior to the petition date. (*Id.* at B.D. 37, 38, 39)

13. On October 6, 2011, the bankruptcy court granted the trustee's motions to extend time to file a complaint objecting to discharge and approved the trustee's motion to extend the time to file a complaint objecting to discharge. (*Id.* at B.D. 41) The court set November 10, 2011 as the deadline for filing motions to dismiss or objections to discharge. (*Id.* at B.D. 41, 50)

14. On October 19, 2011, Shipman filed an amended schedule. (*Id.* at B.D. 47) On October 20, 2011, Shipman filed a motion to reconsider the bankruptcy court's orders of October 6, 2011. (*Id.* at B.D. 51, at 117) The bankruptcy court denied Shipman's requests for reconsideration on October 21, 2011. (*Id.* at B.D. 52) On the same date, the trustee received Shipman's 2010 New York State tax return and, shortly thereafter, the Neumann University pay advices arrived. (D.I. 9-2 exs. 6, 7)

15. On October 26, 2011, Shipman filed amended motion for reconsideration and indicated that he would not attend the 341 meeting. (*Id.* at B.D. 57) He also asserted that the Rehabilitation Act of 1973 mandated that he be afforded some type of accommodation.[9] Shipman asserted, in part, that the trustee's insistence on holding

---

[9] According to Shipman, he "is disabled as a consequence of service in his official capacity as a volunteer emergency medical technician at ground zero on 9/11." (D.I. 7) He claims to be receiving counseling and vocational rehabilitation services from the Delaware Department of Social Services and the Delaware Department of Labor. According to a letter by Alfred Ramirez, M.D., dated June 20, 2010, Shipman
> is an individual with a severe physical, intellectual or psychological disability that qualifies him for consideration under 5 CFR 213.3102(u), Schedule A hiring authority, appointment for Persons with Disabilities.

6

the 341 meeting were "burdensome, unmerited and, consequently, exacerbating the symptoms of [his] disability . . . a blatant violation of both the ADA as well as the Rehabilitation Act of 1973." (*Id.* at 130)

16. On November 10, 2011, the trustee moved to dismiss the bankruptcy petition pursuant to 11 U.S.C. § 707(a). (D.I. 9-1, B.D. 63) The trustee argued that dismissal was appropriate because Shipman: (1) failed to demonstrate good faith in his chapter 7 filing; (2) lacked good faith in dealing with the trustee; (3) refused to be reexamined by the trustee; (4) listed amounts on his schedule J that did not coincide with his bank statements; (5) failed to disclose pending litigation; (6) failed to disclose businesses; (7) failed to list a vehicle purchased prepetition; and (8) provided false or missing information in order to obtain in forma pauperis status. The trustee submitted fifteen exhibits in support of these contentions.

17. In response, Shipman filed a motion for waiver of hearing and/or oral argument and an amended motion for reconsideration of the motions to extend time. ( He also requested accommodation under the Rehabilitation Act of 1973. (*Id.* at B.D. 65) Shipman filed an objection to the trustee's motion on November 23, 2011. (*Id.* at B.D. 69) The bankruptcy court set December 7, 2011, for the hearing to consider Shipman's second motion for reconsideration, the motion for waiver of hearing and the trustee's motions to dismiss.

---

Shipman is also job ready and is likely to succeed in performing the
duties of the job he is seeking.
(D.I. 9-1 at 139)

7

18. On November 3, 2011, Shipman posted onto an website entitled "Life as a Trucker.com." that he had "a valid New York State Class A CDL with no DUI/DWIs ever." (D.I. 9-2 at ex. 12) This statement is contrary to Shipman's testimony at the 341 meeting. Further, with respect to vehicles, the trustee discovered that Shipman purchased a Chevrolet Suburban on February 7, 2011, but did not apply for a Delaware title until the first week in August 2011. (*Id.* at ex. 15)

19. Shipman did not attend the December 7, 2011 hearing. The bankruptcy court granted the trustee's motion to dismiss and denied Shipman's second motion for reconsideration and motion for waiver of hearing. (*Id.* at B.D. 74, 76) On December 19, 2011, Shipman filed an appeal of the dismissal order and an appeal of the order denying his second motion for reargument and waiver of oral argument and personal appearance.

20. **Standard of Review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes &*

8

Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).  The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

21. Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the petitioner fails to demonstrate his good faith in filing. *In re Tamecki*, 229 F. 3d 205, 207 (3d Cir. 2000).  Good faith requires, at the least, a showing of honest intention. *In re Marks*, 174 B.R. 37, 40 (E.D. Pa. 1994).  However,

> dismissal based on lack of good faith . . . should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence.

*In re Tamecki*, 229 F. 3d at 207 (quoting *In re Zick*, 931 F.2d 1124, 1126-27 (6th Cir. 1991)).

22. The decision to dismiss a petition for lack of good faith rests within the sound discretion of the bankruptcy court. *Id.* "Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *Id.*

23. Considering this authority in light of the undisputed record, the court finds that the bankruptcy court did not abuse its discretion by dismissing Shipman's case pursuant to 11 U.S.C. § 707(a).  The record reflects numerous demonstrations of a lack of good faith in Shipman's filings and conduct.  For example, Shipman: (1) provided false testimony at the 341 meeting; (2) failed to provide pay advices as required by 11

9


U.S.C. 521; (3) provided conflicting and false statements in his petition filings; (4) debit card bank account statements contradicted assertions made in his bankruptcy filings; and (5) provided false testimony and information with respect to a drivers license, lawsuits, vehicle ownership and business entities.

24. Although Shipman had notice and an opportunity to refute the trustee's motions, allegations and evidence, he presented nothing to refute the assertions and did not even attend the hearing. Instead, Shipman filed an opposing brief suggesting that the trustee had violated his rights under the Rehabilitation Act of 1974. The court finds Shipman's reliance on the Rehabilitation Act of 1974 does not address the substantive issues. Rather, the issue of accommodation suggests an attempt to divert attention away the instances of bad faith raised by the trustee and fails to substantiate Shipman's burden to refute the charge of bad faith.

25. With respect to the bankruptcy court's decision denying Shipman's second motion for reconsideration and his motion for waiver of hearing and/or oral argument, the court finds that Shipman has not presented any controlling case law or information that the bankruptcy court overlooked which would change the conclusion reached by the court. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

                                                                                                                _____
                                                                                                               United States District Judge